(No. 23116.— )
THE PEOPLE *ex rel.* Chester Malec, Relator, *vs.* O. H. LEWIS, Superintendent of State Reformatory, Respondent.

*Opinion filed December 19, 1935.*

EDWARD R. PISZATOWSKI, (GEORGE B. COHEN, and MORDECAI SHULMAN, of counsel,) for relator.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for respondent.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On October 10, 1934, Chester Malec was found delinquent by the juvenile court of Cook county, and, although he was under seventeen, he was also convicted in the criminal court of Cook county on January 29, 1935, of the crime of larceny of a motor vehicle. The clerk of the criminal court issued a *mittimus* dated April 24, 1935, and Malec was placed in custody of the warden of the Illinois State Penitentiary at Joliet. On March 15, 1935, he was trans-

ferred to the Illinois State Reformatory at Pontiac. This original petition for *habeas corpus* was filed to obtain his discharge from the custody of O. H. Lewis, the superintendent of the reformatory.

Counsel for Malec contend that his prosecution for larceny of a motor vehicle was unlawful because the criminal court of Cook county failed to give notice to the juvenile court and to obtain its consent to such prosecution. They say that want of notice and consent deprived the criminal court of jurisdiction over Malec. They also say that the judgment of conviction is void and that this court should order Malec discharged.

The respondent filed his motion to quash the writ of *habeas corpus* and to dismiss the petition. He set up in his return the facts stated in connection with the conviction of the charge of larceny of a motor vehicle, the *mittimus* and transfer of Malec. Briefs were ordered filed, and the motion is treated as a demurrer to the petition for the writ.

The question presented is, Did the criminal court's jurisdiction to hear and determine the case against Malec, a declared delinquent, depend upon notice to and the consent of the juvenile court? In *People* v. *Lattimore,* (*ante,* p. 206,) a similar question was presented. We there held that consent of the juvenile court was not required, and that the legislature is without authority to abridge the jurisdiction of the criminal court of Cook county, which was created by section 26 of article 6 of our constitution. We also held that the legislature did not intend that the juvenile court should be able to bar the prosecution of a delinquent child old enough, in the eyes of the law, to commit a crime where such crime was committed after the child was declared delinquent.

Counsel for Malec contend that the tenth section of the Juvenile Court act (Ill. State Bar Stat. chap. 23, par. 333, p. 283; 23 S. H. A. sec. 204;) required the criminal court

of Cook county to give notice to the juvenile court as well as to obtain its consent to the prosecution. They rely upon the following language from the section to sustain this contention: "In any case, the court shall require notice to be given and investigation to be made as in other cases under this act, and may adjourn the hearing from time to time for that purpose." They also rely upon section 9a, which provides that "the court may in its discretion in any case of a delinquent child permit such child to be proceeded against in accordance with the laws that may be in force in this State governing the commission of crimes or violations of city, village, or town ordinance. In such case the petition filed under this act shall be dismissed."

The notice referred to in section 10 of the act is clearly notice to be given by, rather than to, the juvenile court. The consent covered by section 9a refers only to a pending and undetermined charge of delinquency. In the case before us, as in the *Lattimore case,* the charge in the criminal court against the defendant had no relation to the adjudication of delinquency. It is not necessary to pass upon what would be the case if the charge against Malec in the juvenile court were pending and were the same as the charge against him in the criminal court.

In *People* v. *Feinberg,* 348 Ill. 549, we distinguished or overruled all the decisions of this court relied upon by Malec's counsel, except *People* v. *Fitzgerald,* 322 Ill. 54. Although the decision in the *Fitzgerald case* contains language indicating that the consent of the juvenile court was necessary to the prosecution of Malec in the criminal court, the facts in that case were that Fitzgerald had not been declared delinquent and yet we upheld his conviction. We held that the criminal court had jurisdiction to hear and determine the criminal charge against him. The *Fitzgerald case* was decided before the *Feinberg case,* and some of its language is not in harmony with our later decision.

The motion to quash the writ of *habeas corpus* and to dismiss the petition is allowed and Malec is remanded to the custody of the respondent.

*Writ quashed, petition for habeas corpus dismissed, and Chester Malec remanded to custody of respondent.*

Mr. CHIEF JUSTICE STONE, dissenting.