(No. 29819.— )

THE PEOPLE *ex rel.* FRANK R. JENDRICK, Appellant, *vs.* JAMES P. ALLMAN,ˉ Commissioner of Police, *et al.,* Appellees.

*Opinion filed January 22, 1947.*

EUGENE P. MEEGAN, of Chicago, for appellant.

BARNET HODES, Corporation Counsel, (JOSEPH F. GROSSMAN, and J. HERZL SEGAL, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court: Appellant, Jendrick, sought a writ of *mandamus* in the superior court of Cook county to compel appellees, the commissioner of police and civil service commissioners of the city of Chicago, to restore him to the position of patrolman in the classified service in that city, under section 12 of "An Act to regulate the civil service of cities," as amended in 1945. (Ill. Rev. Stat. 1945, chap. 24½, par. 51, p. 768.) The court, on motion of appellees, held this amendment to section 12 to be unconstitutional and so certified. The cause was dismissed and comes here on direct appeal with only the question of the validity of that amendment involved. That amendment, so far as material here, is as follows: "No person appointed in the classified civil service who is entitled to military preference in accordance with Section 10½ of this Act shall be removed or

discharged because he misstated his age. Any such person so discharged shall be immediately reinstated upon the taking effect of this amendatory act."

Jendrick, an honorably discharged veteran of World War I, complains that he was discharged because he had misstated his age in his application for examination under civil service for the position of patrolman; that on March 7, 1936, he successfully passed all phases of the examination and was duly certified and appointed as a. patrolman, the duties of which position he honorably discharged until August 5, 1943, when charges were filed against him on the ground that he, in his application, had stated his age to be 27, which was the maximum age at which he could take such examination and be appointed, whereas his age at the time of such examination was 37. He was found guilty and dismissed from the service. The General Assembly in 1945 passed the amendment to section 12 hereinabove quoted. Thereafter appellant filed with the civil service commission a demand for reinstatement and on refusal filed his complaint.

In this court appellant argues that the act is constitutional, while appellees contend that it is not, for two reasons, (1) it violates section 22 of article IV of our constitution in that it confers special privileges and immunities upon a certain class of veterans, and, (2) it violates section 10 of article IX in that it imposes an obligation upon cities for corporate purposes without their consent. Counsel for appellant urge that the first objection to the constitutionality of the act was not made in the court below and so cannot be considered here. The superior court found the act unconstitutional and did not state the reason for so considering it. It is a rule too well settled to require the citation of authority that the appellee, on appeal, may urge whatever ground he chooses in attempting to sustain the judgment appealed from. There is no merit to this objection.

In arguing that the amendment violates section 22 of article IV of our constitution, it is conceded by counsel for appellees that the General Assembly has power to provide for preferential treatment of honorably discharged veterans, and to provide for appointments to office where the qualifications are not prescribed by the constitution. This court so held in *People ex rel. Sellers* v. *Brady*, 262 Ill. 578. Appellees contend, however, that this amendment goes far beyond the limitations of such preferential treatment and in so doing confers special privileges and immunities upon a favored class of veterans contrary to section 22 of article IV of the constitution.

*People ex rel. Sellers* v. *Brady*, 262 Ill. 578, relied on by appellant, discussed that part of the Civil Service Act of 1911 providing that honorably discharged soldiers and sailors of the Civil War should be preferred for appointment to civil service positions, provided they passed the examination and were found to possess the necessary business capacity for the proper discharge of the duties of such position. In that case this court held that an act of the General Assembly that is made applicable to a certain class or classes of citizens must be based upon some substantial difference between the situation of that class or classes and other individuals or classes to which it does not apply. This court there, in common with *Brown* v. *Russell*, 166 Mass. 14, 43 N.E. 1005, pointed out that, other qualifications being equal, there are reasons to believe that a veteran soldier or sailor may make a better civil officer than a person never subjected to the discipline of service in war. It is also pointed out in the *Sellers case* that it is distinctly a public purpose to promote patriotism and make conspicuous and honorable any exhibition of courage or devotion to the welfare of the State shown by such public service. It was held in the *Sellers case* that our constitution contains no qualifications with which the discussed provision of the Civil Service Act conflicts.

In *Marallis* v. *City of Chicago*, 349 Ill. 422, the act under discussion was one which sought to relieve veterans from the necessity for procuring peddlers' licenses in Illinois municipalities. The act was held unconstitutional as granting special privileges to certain classes of veterans, and it was pointed out that the discrimination in favor of such veterans bore no relation to the subject matter of the act and the classification had no reasonable basis. It is the rule that an act which discriminates against an individual or a group is not, for that reason, alone, rendered invalid if the discrimination be reasonable or bears a reasonable relation to the purposes of the act, but if the classification be not based on a substantial and reasonable distinction in the situation and circumstances of the individual embraced therein from those not so included, the statute is invalid. *Wintersteen* v. *National Cooperage and Woodenware Co.* 361 Ill. 95; *People* v. *Linde,* 341 Ill. 269; *People ex rel. Reilly* v. *City of Chicago,* 337 Ill. 100.

It is well established that veteran soldiers and sailors constitute a class to whom the General Assembly may show preferential consideration. To validly do so, however, it must appear that the act by which such preferential treatment is prescribed comes within the rules just above referred to. Can it be said that the amendment of section 12, which grants a veteran immunity from the consequences of falsely stating his age on an application for examination, would tend to encourage and promote patriotism, or put a premium on military service? What reasonable connection may there be between the value of military training and exemption from the consequences of a fraudulent misstatement of age in order to procure a position? Rather than emulating and recognizing patriotic service for public welfare, does not this amendment to section 12 put a premium on violations of the law?

Counsel for appellant argue that the civil service board, by placing the maximum age for applicants for patrolman

at 27 years, practically excluded veterans, as most of them, by the time they became veterans, had passed that age. We are unable to see the logic of such a fact, if it is a fact, as a basis for the claim of justification for fraudulent representation as to a matter of importance because, forsooth, counsel thinks the maximum age limit fixed is so low as to discriminate against veterans.. While it may be observed in complete answer to this position that the remedy is through the General Assembly and not by violation of the valid rules of the commission, it may also be noted that the strenuous service of a police patrolman, together with the fact that he is to be supported by a pension after he reaches the age of 63, constitute rather obvious reasons for a maximum age lower than might otherwise be required.

No case presented by counsel for appellant even squints at approval of a fraudulent misstatement, as appellant has by his briefs admitted, in order to obtain an examination and a position to which he was not entitled under the statutes and the rules of the commission authorized by statute. The attempt of the General Assembly to not only grant him immunity from the consequences of his fraudulent act, but to secure for him a reinstatement of his position, which he fraudulently obtained in the first instance, is repugnant not only to the constitutional provision against granting special privileges and immunities to favored classes, but is likewise repugnant to basic morality. Since the amendment violates section 22 of article IV of our constitution for reasons herein referred to, it becomes unnecessary to consider any further objection to its validity. The superior court was right and its judgment is affirmed.

*Judgment affirmed.*