People of the State of Illinois, Plaintiff-Appellee, v. David Carlson and Gregory A. Eaton, Defendants, Gregory A. Eaton, Defendant-Appellant.

Gen. No. 10,969.

Fourth District.

May 22, 1969.

Gary L. Haddock, of Decatur, for appellant.

Basil G. Greanias, State's Attorney, and Frederick P. Erickson, Assistant State's Attorney, for appellee.

CRAVEN, J., delivered the opinion of the court.

The defendant, Gregory Alan Eaton, then aged 15 years, first was brought before the courts of Macon County, Illinois, in May of 1967. At that time a detention hearing was held. Thereafter a petition was filed alleging Eaton to be a "delinquent minor." This petition asserted that he had committed two acts—a robbery on April 29 and criminal destruction of property on May 10 of 1967. On June 2, 1967, the minor respondent was placed under the supervision of a probation officer and the adjudicatory hearing was continued.

In September of 1967, by leave of court, the original delinquency petition was amended to add a new allegation, that being that the respondent committed armed robbery and aggravated battery on April 28, 1967. This amendment was an allegation as to conduct separate and distinct from the two acts asserted in the original delinquency petition. Following this the State's Attorney filed a motion stating an intent to prosecute the respondent in the circuit court and asked the court to determine, pursuant to the provisions of the Juvenile Court Act, whether or not there was any objection to the removal of the cause. There was no objection to removal.

The allegation as to the April 28, 1967, charge of armed robbery and aggravated battery, added to the petition by amendment, was thereafter stricken from the petition. On October 13, 1967, the grand jury returned an indictment charging the defendant with robbery and aggravated battery—the April 28, 1967, alleged offense.

A motion to dismiss this indictment was filed which, in substance, asserted that the indictment was barred by the prior juvenile proceedings in that there had been an adjudication and that Eaton was a ward of the court, and that the taking of evidence in the adjudicatory hearing is a bar to criminal proceedings. This motion was denied.

Thereafter, in November of 1967, Eaton pleaded guilty to the offense of robbery and the charge of aggravated battery was dismissed. The defendant's motion for probation was denied, and following that the defendant was committed to the Illinois Youth Commission. This appeal follows.

The defendant urges by analogy to section 3-3 of c 38, Ill Rev Stats 1967, and by reason of section 702-7 of c 37, Ill Rev Stats 1967, that the subsequent proceedings in the circuit court are barred by reason of the prior proceeding under the petition alleging the defendant to be a delinquent minor. This issue was decided by the Illinois Supreme Court, subsequent to the filing of this appeal and, indeed, subsequent to the filing of the appellant's brief, in People v. Depoy, 40 Ill2d 433, 240 NE2d 616 (1968).

There the court stated (at 435-436 (240 NE2d at 617-618)):

"In support of his argument that a minor may not be placed in jeopardy in a criminal prosecution after having been proceeded against in a delinquency proceeding based upon the same conduct, the defendant relies on the recent cases of In re Application of Gault, 387 US 1, 18 L Ed2d 527, 87 S Ct 1428, and In re Urbasek, 38 Ill2d 535 [232 NE2d 716], which held that the similarities between criminal prosecutions and delinquency proceedings require that certain constitutional guarantees implicit in the concept of due process apply to minors in juvenile proceed-

465

ings at the adjudicatory stage. The defendant also relies on section 702–7 of the Juvenile Court Act which states in pertinent part: 'Taking of evidence in an adjudicatory hearing in any such [juvenile delinquency] case is a bar to criminal proceedings based upon the conduct alleged in the petition.' It is obvious, however, that defendant cannot invoke this statute or the constitutional prohibition against double jeopardy to prevent a criminal prosecution against him unless he proves that there was a prior adjudicatory proceeding in which he was charged with the commission of acts causing the death of Robert Gnutek, for it is only at the adjudicatory stage that a defendant is placed in jeopardy. . . ."

In this case, as in Depoy, there was no adjudicatory hearing on the issue. That which was added to the petition by the amendment, and subsequently stricken, was not presented to and determined by the juvenile court proceedings. Depoy is thus determinative of the contention.

The defendant asserts that the Juvenile Court Act is deficient in that section 702–7(3) of c 37, Ill Rev Stats 1967, permits the State's Attorney to have the question of the removal of a case from the jurisdiction of the juvenile court to the circuit court referred to the chief judge of the circuit for decision if the juvenile court judge objects to the removal, whereas, the minor respondent has no such access to disposition of the question by the chief circuit judge if the juvenile court does not object to removal. In People v. Hester, 39 Ill2d 489, 237 NE2d 466 (1968), the court considered the issue of jurisdiction of criminal courts of minor defendants. The issue there presented was somewhat different from the issue here, and the act under consideration was the old Family Court Act. That which was stated by the court in Hester, however, is germane here.

". . . the defendant now urges us to read statutory sections 9a and 10 of the old Family Court Act (pars 2014, and 2021) in pari materia to require that the family court first exercise its discretion in determining whether to 'permit' the criminal court to entertain a criminal action against a juvenile defendant who has a delinquency petition pending against him for the same act. While we have never considered this precise question (see People ex rel. Malec v. Lewis, 362 Ill 229, 231 [199 NE 276]; 1962 Ill LF 533, 539–40, n 41), we believe that the reasons stated in People v. Lattimore, 362 Ill 206 [199 NE 275], apply with equal force here. In Lattimore (pp 208–9) we noted that the juvenile court was one of limited jurisdiction while the jurisdiction of the criminal court to try cases was vested by section 26 of article VI of the State constitution, and we concluded: 'The legislature is without authority to confer upon an inferior court the power to stay a court created by the constitution from proceeding with the trial of a cause jurisdiction of which is expressly granted to it by the constitution.' As we will always adopt a reasonable construction of a statutory provision which renders it constitutional, we read the language of section 9a that 'The [juvenile] court may in its discretion in any case of a delinquent child permit such child to be proceeded against in accordance with the laws that may be in force in this State governing the commission of crimes . . . . In such case the petition filed under this act shall be dismissed' as permitting the juvenile court to dismiss a delinquency action which is brought contemporaneously with an action in the criminal court for the same acts of the minor. Thus section 9a merely allowed the juvenile court to prevent a concurrent action from proceeding before it, and did not provide an avenue whereby the juvenile court could prevent

a criminal action against a minor defendant." People v. Hester, 39 Ill2d 489, 507–508 (237 NE2d 466, 477–478).

In this case the juvenile court judge made no objection to the transfer and the cause proceeded in the circuit court as a criminal matter. The juvenile court matter was, in effect, dismissed. There is no showing that as to the offense—the subject-matter of the indictment—there was a prior adjudicatory proceeding under the Juvenile Court Act. The judgment of the Circuit Court of Macon County is affirmed.

Judgment affirmed.

TRAPP, P. J. and SMITH, J., concur.