THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MILTON WILSON, Defendant-Appellant.

(No. 55919; ▮▮▮▮▮▮▮▮▮▮

First District—August 11, 1972.

Robert H. Aronson, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and William D. Wolter, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendant, who was fifteen years old at the time of the offense, was charged with attempt murder, aggravated assault and two counts of armed robbery. He was tried by the court sitting without a jury and found guilty of all four offenses. He received a one to five year term for aggravated assault and three terms of five to fifteen years for each of the other offenses. All sentences were to run concurrently. On appeal

defendant contends: (1) that the taking of evidence at an adjudicatory hearing in the juvenile division of the Circuit Court barred proceedings in the criminal division; (2) that the charges of attempt murder and aggravated assault were not properly removed from the jurisdiction of the juvenile division; (3) that the indictments for all offenses charged were defective; (4) that defendant was improperly denied counsel at a pre-indictment line-up; (5) that defendant did not understandingly waive his right to a jury trial; (6) that the State secured a confession from defendant without first warning him of his constitutional rights; (7) that the State's use of the confession was improper because, in response to defense discovery motions, the State indicated that it had not received any oral statements or confessions from defendant; and (8) that the court improperly allowed a portion of a hearing on defendant's post-trial motion for a new trial to be conducted without defendant being present.

Because defendant raises no questions which relate to the sufficiency of the evidence it is unnecessary to set out the facts of the offenses for which defendant was convicted. Thus, attention is addressed only to the procedural questions raised.

██ Defendant first contends that the taking of evidence in a proceeding in the juvenile division prohibited any criminal prosecutions for the same conduct. The proceedings in the juvenile division related to the same two armed robbery charges for which defendant was ultimately indicted and convicted in the criminal division. The hearing in the juvenile division was held for the purpose of effectuating a removal of the case to the criminal division pursuant to Ill. Rev. Stat. 1969, ch. 37, par. 702—7 (3).[1] All testimony taken at that hearing was solely directed at that goal, thereby enabling the judge to make an intelligent decision in that regard. Thus, the hearing was not held to adjudicate defendant's delinquency, but was to satisfy the juvenile court judge that the case should have been removed. Because the proceedings in the juvenile division were not "adjudicatory" in nature, criminal proceedings were not barred. See *People v. De Poy* (1968), 40 Ill.2d 433, 436, 240 N.E.2d 616, 618, and *People v. Carlson* (1969), 108 Ill.App.2d 463, 247 N.E.2d 919.

---

[1] If a petition alleges commission by a minor 13 years of age or over of an act which constitutes a crime under the laws of this State, the State's Attorney shall determine the court in which that minor is to be prosecuted; however, if the Juvenile Court Judge objects to the removal of a case from the jurisdiction of the Juvenile Court, the matter shall be referred to the chief judge of the circuit for decision and disposition. If criminal proceedings are instituted, the petition shall be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. Taking of evidence in an adjudicatory hearing in any such case is a bar to criminal proceedings based upon the conduct alleged in the petition.

■■ Defendant's second contention that the charges of attempt murder and aggravated battery were not properly removed from the jurisdiction of the juvenile division is invalid as it presumes that those charges were originally brought in the juvenile division. The State's Attorney may determine the court in which charges against a minor male between the ages of 13 and 17 years are brought. (Ill. Rev. Stat. 1969, ch. 37, par. 702—7 (3).) Although the record reveals that the armed robbery charges were initially brought against defendant in the juvenile division, there is no indication of record that the same procedure was followed on the charges of attempt murder and aggravated battery. Thus, the record does not reveal that there was a need for those charges to be removed from the jurisdiction of the juvenile division.

■■ Thirdly, defendant contends that the indictments in the instant case are void. Defendant was charged in a four count indictment. The first count, charging him with the offense of attempt murder, was not indorsed below the caption "A TRUE BILL." and the remaining three indictments were signed by a grand juror other than the one originally named as foreman. The person who did sign, however, signed above the caption "Foreman of the Grand Jury" and the faces of all counts of the indictment read "INDICTMENT FOR ATTEMPT MURDER, ETC." The indictment also bears the time and date stamp of the Clerk of the Circuit Court. Although Ill. Rev. Stat. 1969, ch. 38, par. 111—3 (b) and ch. 78, par. 17, require that the indictment be indorsed by the grand jury foreman, such requirement has been held to be merely a matter of direction for the clerk and for the information of the court. (*People ex rel. Merrill v. Hazard* (1935), 361 Ill. 60, 63, 196 N.E. 827, 829.) In *Hazard* the court went on to say, "[the signature's] presence or absence does not materially affect any substantial right of the defendant, and that it neither assures to him nor prevents him from having a fair trial." (*See also People v. Hangsleben* (1969), 43 Ill.2d 236, 238, 252 N.E.2d 545, 546 *cert. denied* (1970), 397 U.S. 1048 and *People ex rel. Kelley v. Frye* (1968), 41 Ill.2d 287, 242 N.E.2d 261.) While neither of these cases was decided by construction of the current statute which is applicable to the instant case [section 111—3 (b)] the principle involved would, in our opinion, be the same. Additionally, the record reveals that there was no objection to the indictment by way of a motion to quash or otherwise either at the arraignment or at trial. Thus, since we have held that the indictment was not void, the defect was merely technical, and it was waived by defendant's failure to raise his objection by appropriate motion in the trial court. *People v. Clark* (1963), 30 Ill.2d 67, 73, 195 N.E.2d 157, 160.

■■ Defendant next contends that he was improperly denied counsel

at a pre-indictment line-up. This contention is without merit in light of the decisions of the United States Supreme Court in *Kirby v. Illinois* (June 7, 1972), 40 U.S.L.W. 4607, 4610, and the Illinois Supreme Court in *People v. Palmer* (1969), 41 Ill.2d 571, 572, 244 N.E.2d 173, 174.

■■ Likewise, defendant's contention that he did not understandingly waive his right to a jury trial is without merit. The record reveals that defendant's private counsel had him execute a jury waiver in front of the trial judge and at the same time inquired, "Milton, do you realize by executing this document you are waiving your right to a trial by jury and submitting your case to be tried by his Honor, Judge Dolezal? Do you realize that?" Defendant responded affirmatively and defense counsel went on to ask, "And that is your desire?" Defendant's response to the latter inquiry was also affirmative. The Supreme Court in *People v. Sailor* (1969), 43 Ill.2d 256, 260, 253 N.E.2d 397, 399, held that an attorney's waiver of a jury trial on defendant's behalf and without his objection is binding upon defendant. Thus, he cannot complain that the jury waiver was involuntary or not understandingly made.

■■ Next, defendant contends that the State secured a confession from him without first warning him of his constitutional rights. In support of this theory he cites *Miranda v. Arizona* (1966), 384 U.S. 436. The events which give rise to this contention occurred after a line-up in which defendant was identified by a police officer, the same officer whom defendant was charged with robbing [2] and attempting to murder. After being identified defendant approached the officer, apologized and offered to get the officer's weapon returned to him if he would "drop the identification." While *Miranda* stands for the general proposition to which defendant refers, it also states at page 478, "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence * * *. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." (See also *People v. Jackson* (1971), 2 Ill.App.3d 297, 300-301, 275 N.E.2d 737, 739-740.) Because the statement was voluntary and made without "compelling influences," it was not improperly admitted into evidence.

■■ Defendant also contends that the use of defendant's "statement" at trial was improper because the State, in response to defendant's discovery motion, stated that defendant had made no statements or confessions. No objection was made to the introduction of those statements and thus, defendant cannot raise the issue for the first time in this court.

---

[2] One of the armed robbery charges related to the defendant's taking of the officer's revolver while armed with a dangerous weapon.

See *People v. Hubbard* (1967), 38 Ill.2d 104, 110, 230 N.E.2d 220, 223 and *People v. Robinson* (1969), 107 Ill.App.2d 449, 454, 246 N.E.2d 831, 833.

■■ Lastly, defendant contends that his right to be present at trial was violated by the conduct of a part of a hearing on his post-trial motion outside of his presence. The record reveals that although defendant was not present during the initial part of those proceedings, his attorney was there presenting evidence on defendant's behalf. After defendant was brought into the courtroom the court reviewed for defendant the substance of what had transpired. Moreover, because the hearing did not involve defendant's substantial rights, there was no violation of his constitutional right to be present at trial. See *People v. Berry* (1967), 37 Ill.2d 329, 334, 226 N.E.2d 591, 594 and *People v. Woods* (1963), 27 Ill.2d 393, 395, 189 N.E.2d 293, 294.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.