# Illinois Official Reports

## Appellate Court

---

### *In re Omar M.*, 2014 IL App (1st) 100866-B

---

| | |
|---|---|
| Appellate Court Caption | *In re* OMAR M., a Minor (The People of the State of Illinois, Plaintiff-Appellee, v. Omar M., Respondent-Appellant). |
| District & No. | First District, Fifth Division<br>Docket No. 1-10-0866 |
| Filed | January 31, 2014 |
| Rehearing denied | July 30, 2014 |
| Modified upon denial of rehearing | August 1, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The conviction and sentence of respondent for first-degree murder pursuant to an extended jurisdiction juvenile prosecution was affirmed following a supervisory order of the Illinois Supreme Court directing the appellate court to vacate its judgment and reconsider the case in light of the Illinois Supreme Court's decision in *In re M.I.*, since the supreme court's decision did not warrant a change in the outcome of the instant case. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-JD-155; the Hon. Patricia Mendoza, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Heidi Linn Lambros, all of State Appellate Defender's Office, of Chicago, for appellant. |
|---|---|
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Annette Collins, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE PALMER delivered the judgment of the court, with opinion. Justice Lampkin concurred in the judgment and opinion. Presiding Justice Gordon specially concurred, with opinion, upon denial of rehearing. |

## OPINION

¶ 1 Respondent Omar M. was prosecuted, convicted, and sentenced under section 5-810 of the Juvenile Court Act of 1987 (705 ILCS 405/5-810 (West 2008)), the extended jurisdiction juvenile (EJJ) prosecutions statute, for first-degree murder, receiving the maximum juvenile sentence of incarceration until his twenty-first birthday and a 20-year stayed adult sentence. On appeal, respondent claimed: (1) that the State's proffer of evidence for the EJJ prosecution designation was "untrue" because two of the State's four eyewitnesses failed to appear at trial; (2) that the EJJ prosecution statute violates a juvenile respondent's right to due process because the EJJ prosecution designation is decided by a judge by a preponderance of the evidence instead of by a jury beyond a reasonable doubt; and (3) that the EJJ prosecution statute is unconstitutionally vague. We did not find respondent's arguments persuasive, and we affirmed. *In re Omar M.*, 2012 IL App (1st) 100866, ¶ 2 (*Omar M. I*).

¶ 2 The supreme court subsequently entered a supervisory order directing us to vacate our judgment and reconsider in light of *In re M.I.*, 2013 IL 113776, to determine whether a different result is warranted. *In re Omar M.*, No. 115015 (Ill. Nov. 27, 2013) (supervisory order). After considering the supreme court's decision in *M.I.*, we continue to affirm. However, we now find that Omar M. did not have standing to raise the claim that the EJJ is unconstitutionally vague.

¶ 3 ANALYSIS

¶ 4 In *M.I.*, the supreme court considered three issues concerning EJJ prosecutions: (1) whether the statutory requirement to hold a hearing within 60 days of the filing of an EJJ motion is mandatory, and the failure to hold such a hearing renders the respondent's adult sentence void; (2) whether the EJJ statute is unconstitutionally vague because it does not specify what conduct results in the revocation of the stay on the adult sentence; and (3) whether the EJJ statute violates the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the United States Constitution guarantees that all sentencing enhancements be proven beyond a reasonable doubt. *M.I.*, 2013 IL 113776, ¶ 1. Since the second and third issues were

also raised in the instant case, we discuss the supreme court's treatment of them here and consider whether they change the outcome in the instant case.

### I. Vagueness Challenge and Standing[1]

¶ 6   As to the issue of standing to raise the vagueness challenge to the "conditions" provision of the EJJ statute, we find that M.I. and Omar M. are similarly situated. While there are differences in the procedural postures of the two cases, we find that these differences are not material to this analysis.

¶ 7   In *M.I.*, 2013 IL 113776, ¶ 36, the supreme court determined that the respondent lacked standing to challenge the constitutionality of the "conditions" provision of the EJJ based on vagueness. The EJJ statute allows for two ways in which the stay of the adult sentence may be revoked: when the convicted minor " 'violate[s] the conditions of his or her sentence, or is alleged to have committed a new offense.' " (Emphasis omitted.) *Id.* (quoting 705 ILCS 405/5-810(6) (West 2010)). The State had filed a petition to revoke the stay of M.I.'s adult sentence based on his commission of a new felony offense. However, M.I.'s challenge was based on his claim that the statutory provision allowing revocation for violating the "conditions" of his sentence was unconstitutionally vague. *Id.*

¶ 8   Originally, M.I.'s conviction and sentence were affirmed by this court in *In re M.I.*, 2011 IL App (1st) 100865. Subsequently, the State filed a petition to revoke the stay of the adult sentence based on a new conviction, the "new offense" provision of the EJJ. Ultimately, our supreme court held that *M.I.* did not have standing to contest the vagueness of the "conditions" provision as it did not affect him. *M.I.*, 2013 IL 113776, ¶ 36. Specifically, the court held:

> " 'The purpose of the doctrine of standing is to ensure that courts are deciding actual, specific controversies, and not abstract questions or moot issues.' *In re Marriage of Rodriguez*, 131 Ill. 2d 273, 279-80 (1989). In order to have standing to bring a constitutional challenge, a person must show himself to be within the class aggrieved by the alleged unconstitutionality. [Citation.] 'The general rule is that courts will not consider the validity of a statutory provision unless the person challenging the provision is directly affected by it or the unconstitutional feature is so pervasive as to render the entire statute invalid.' *Morgan*, 203 Ill. 2d at 482; *People v. Palkes*, 52 Ill. 2d 472, 480 (1972). *** Rather, a person must be directly or materially affected by the attacked provision and must be in immediate danger of sustaining a direct injury as a result of enforcement of the challenged statute. *People v. Rogers*, 133 Ill. 2d 1, 8-9 (1989). ***
>
> ***
>
> 'A party may not raise a constitutional challenge to a provision of a statute that does not affect him or her.' *In re Veronica C.*, 239 Ill. 2d 134, 147 (2010); [citations]." *M.I.*, 2013 IL 113776, ¶¶ 32-34.

¶ 9   Finally as to M.I.'s challenge the court held:

---

[1]We are well aware that Omar M. is now an adult and that this issue is moot. In *Omar M. I*, however, we held that the public interest exception to the mootness doctrine justified examination of this issue, and we continue to agree with that finding.

"Even if the filing of the petition to revoke the stay on the adult sentence conferred standing on respondent to challenge the constitutional validity of the revocation provision of the EJJ statute, respondent's constitutional objection must still pertain to the part of the statute that *affects him*." (Emphasis in original.) *Id*. ¶ 36.

¶ 10    In contrast to the procedural posture of *M.I.*, Omar M. was given a 20-year stayed sentence under the EJJ and contested its constitutionality in his direct appeal prior to the filing of any petition to revoke. In *Omar M. I*, 2012 IL App (1st) 100866, ¶ 74, this court found that Omar M. had standing to raise his vagueness claim even though no action had been taken or may never be taken to revoke his stay because "respondent will live in fear that he may unknowingly revoke the stay through his conduct, and thus cause the court to impose his 20-year adult sentence." In light of *M.I.*, we now find that reasoning unpersuasive.

¶ 11    Regardless of the different procedural postures they were in, in regard to the "conditions" provision M.I. and Omar M. were similarly situated. At the time the petition to revoke was filed against M.I., that respondent was still subject to the revocation provisions of the EJJ. Even though the petition was based on the "new offense" provision, a petition based on violation of the "conditions" of that respondent's sentence could be filed at any time during his minority. Thus, arguably M.I. would "live in fear that he may unknowingly revoke the stay through his conduct," just as Omar M. However, the fact that M.I. could be living in fear of unknowingly revoking his stay was not enough for our supreme court to find that he had standing to raise a vagueness claim. Such a vague fear was not enough to satisfy the standing requirement elucidated in *M.I.* that the person must be directly or materially affected by the attacked provision and must be in immediate danger of sustaining a direct injury as a result of enforcement of the challenged statute. See *M.I.*, 2013 IL 113776, ¶ 32.

¶ 12    Anticipating the argument that once M.I.'s petition to revoke for a new offense was granted the stay would be vacated and there would be nothing left to fear regarding the "conditions" provision, we find that argument to ignore the procedural posture of *M.I.* As the supreme court noted in *M.I.*, the petition to revoke the stay of the adult sentence itself had been stayed. See *id*. ¶ 9. As a result, at the time M.I. made his vagueness claim he was still at risk of being violated under the "conditions" provision and yet he did not have standing to make that claim.

¶ 13    We acknowledge that in keeping with the above-cited principles, the supreme court specifically limited its decision in *M.I.* by noting:

"In the instant case, the State has filed a petition to revoke the stay of the adult sentence. Thus, we need not decide whether the filing of a petition to revoke is necessary in every case for a juvenile to have standing to challenge the constitutionality of section 5-810(6) of the EJJ statute. Further, we need not address the State's contention that standing cannot arise until such a petition is actually granted because the respondent in the present case would lack standing even if the petition to revoke had been granted." *Id*. ¶ 33.

Nevertheless, the logic of *M.I.* necessarily leads to the conclusion that Omar M. lacked standing. As Omar M. would be living with the same fears as M.I. with regard to unknowingly violating the "conditions" provision, and as M.I. was found to not have standing, the same result befalls Omar M.

¶ 14    In *Omar M. I*, we noted the First Division of the First District had already held that similarly situated respondents lacked standing to challenge the EJJ prosecution statute for

vagueness. *Omar M. I*, 2012 IL App (1st) 100866, ¶ 71 (citing *In re J.W.*, 346 Ill. App. 3d 1 (2004), and *In re M.I.*, 2011 IL App (1st) 100865). Rather than follow those cases, *Omar M. I* relied upon *People v. P.H.*, 145 Ill. 2d 209 (1991), and *In re Christopher K.*, 348 Ill. App. 3d 130 (2004), *aff'd in part and rev'd in part*, 217 Ill. 2d 348 (2005). Those cases, however, are not on point. *P.H.* involved the constitutionality of the "gang-transfer" provision of the Juvenile Court Act. *P.H.*, 145 Ill. 2d at 217-18. However, in *P.H.*, the State had already filed a motion to permit prosecution of the minor under the criminal laws, pursuant to the "gang-transfer" statute, a provision that the trial court held unconstitutional. *Id.* at 217. In ruling that P.H. had standing to attack the constitutionality of the provision, the supreme court found that as a result of the filing of the petition, P.H. was in immediate danger of sustaining harm by enforcement of the allegedly unconstitutional provision. *Id.* at 220. Application of the "gang-transfer" provision to him could result in criminal prosecution with all of its inherent stigmas. *Id.* In contrast, in the case at bar, no petition to revoke has been filed and therefore Omar M. was not in immediate danger of sustaining harm by enforcement of the allegedly unconstitutional provision.

¶ 15    On the other hand, Christopher K., the minor respondent in *In re Christopher K.*, was similarly situated with Omar M. Christopher K. was given an adult sentence that was stayed pursuant to the EJJ. *Christopher K.*, 348 Ill. App. 3d at 135. In the direct appeal of his case, an attack on the vagueness of the statute was launched in the absence of the filing of any petition to revoke. *Id.* at 143. The State argued that Christopher K. had no standing to raise a vagueness claim as he had not suffered any present injury in need of redress. *Id.* at 144. Inexplicably, even though the standing argument was fully set forth, it was never answered by the appellate court. Instead, the court ignored the standing argument and went forward to address the merits of the vagueness claim without ever ruling on standing. See *id.* at 145-48.

¶ 16    In light of the guidance of our supreme court's decision in *M.I.*, as well as the established and on-point precedent of the appellate court decisions in *J.W.* and *M.I.*, we find that Omar M. did not have standing to raise his vagueness claim.

¶ 17                                    II. *Apprendi* Violation

¶ 18    The *M.I.* court also considered whether the EJJ prosecution statute was an unconstitutional violation of *Apprendi* because the facts that qualify a juvenile for EJJ prosecution are not required to be proved beyond a reasonable doubt. *M.I.*, 2013 IL 113776, ¶ 38. The court concluded that *Apprendi* did not apply to the EJJ statute and that, even if it did, there would be no violation. *M.I.*, 2013 IL 113776, ¶ 48.

¶ 19    In its analysis, the supreme court noted that the appellate court had been uniform in holding that the EJJ statute did not violate *Apprendi* because "the EJJ statute was not an adjudicatory statute, but rather a *dispositional* one, in that 'it does not determine a respondent's guilt or the specific sentence.' " (Emphasis in original.) *M.I.*, 2013 IL 113776, ¶ 43 (quoting *Omar M. I*, 2012 IL App (1st) 100866, ¶ 59). The court agreed with that reasoning, finding that "[n]othing in the EJJ statute runs afoul of *Apprendi*." *M.I.*, 2013 IL 113776, ¶ 44.

¶ 20    Additionally, the *M.I.* court found that even if *Apprendi* applied, there would be no violation because "for the purposes of *Apprendi*, the statutory maximum is not the juvenile sentence under the Juvenile Court Act, but rather the maximum sentence allowed by the offense committed." *Id.* ¶ 46 (citing *Omar M. I*, 2012 IL App (1st) 100866, ¶ 63).

¶ 21    Thus, since the supreme court's analysis of the *Apprendi* issue cited the instant case approvingly and contained similar reasoning, we cannot find that the supreme court's decision changes the outcome in the case at bar with regard to this issue.

¶ 22                                    CONCLUSION

¶ 23    After reconsidering our decision in *Omar M. I* in light of the supreme court's recent decision in *M.I.*, we determine that a different result is not warranted and continue to affirm respondent's conviction and sentence.

¶ 24    Affirmed.

¶ 25    PRESIDING JUSTICE GORDON, specially concurring:

¶ 26    The majority today concludes that the supreme court's decision in *In re M.I.*, 2013 IL 113776, means that respondent in the instant case did not have standing to challenge the constitutionality of the EJJ statute on vagueness grounds. I do not find that the supreme court's decision in *M.I.* changes our earlier conclusion that respondent has standing and, accordingly, I must specially concur.

¶ 27    In *M.I.*, the supreme court determined that the respondent lacked standing to raise a vagueness challenge to the EJJ statute. *M.I.*, 2013 IL 113776, ¶ 36. The court noted that the State had filed a petition to revoke the stay of the adult sentence and, "[t]hus, we need not decide whether the filing of a petition to revoke is necessary in every case for a juvenile to have standing to challenge the constitutionality of section 5-810(6) of the EJJ statute." *M.I.*, 2013 IL 113776, ¶ 33. The court also concluded that it had no need to determine whether the granting of the petition was necessary for standing, since in the case before it, the respondent would lack standing even if the petition to revoke had been granted. *M.I.*, 2013 IL 113776, ¶ 33.

¶ 28    The *M.I.* court noted that the petition to revoke the stay was based on the respondent's commission of a new felony offense and did not concern the violation of any conditions of his juvenile term. *M.I.*, 2013 IL 113776, ¶ 34. Thus, "if the basis for the respondent's challenge to the statute's constitutionality does not pertain to the basis for the revocation of the adult sentence contained in the actual petition, respondent will not have standing." *M.I.*, 2013 IL 113776, ¶ 34. The court noted that the respondent only argued that the term " 'conditions' " was vague and did not argue that the phrase " 'new offense' " was vague and so did not have standing since the basis for the constitutional challenge did not pertain to the basis for revocation of the stayed adult sentence. *M.I.*, 2013 IL 113776, ¶ 36. The court concluded, "We make no determination today whether a petition to revoke the stay must be granted or even filed to trigger standing, because respondent has made no showing that the alleged constitutional infirmity, the vagueness of the term 'conditions,' pertains to the part of the statute that affects him." *M.I.*, 2013 IL 113776, ¶ 36.

¶ 29    I do not find that the supreme court's decision in *M.I.* changes our conclusion in the instant case. In the case at bar, no petition to revoke respondent's stayed adult sentence has been filed (*Omar M.*, 2012 IL App (1st) 100866, ¶ 71) and, as noted, the *M.I.* court twice specifically noted that it was not determining whether such a petition was necessary to confer

standing (*M.I.*, 2013 IL 113776, ¶¶ 33, 36). Thus, the supreme court expressly declined to consider the issue present in the instant case. Additionally, in the case at bar, respondent argued that both the terms "conditions" and "offense" were unconstitutionally vague (*Omar M.*, 2012 IL App (1st) 100866, ¶ 83), meaning that respondent challenged both ways that his stay could be revoked. See *M.I.*, 2013 IL 113776, ¶ 36 ("The EJJ statute allows for two ways in which the stay of the adult sentence may be revoked: when the convicted minor 'violate[s] the conditions of his or her sentence, *or* is alleged to have committed a new offense.' (Emphasis added.)" (quoting 705 ILCS 405/5-810(6) (West 2010))). This distinguishes the instant case from *M.I.*, where the respondent's petition to revoke named one basis for revocation but the respondent's constitutional challenge pertained to the other basis for revocation. *M.I.*, 2013 IL 113776, ¶ 36. Thus, since the supreme court expressly did not consider the issue in the case at bar, and since respondent's arguments here challenge both grounds for revocation, I do not find that the supreme court's decision in *M.I.* changes our analysis concerning respondent's standing in the instant case.

¶ 30    I do not find persuasive the majority's attempt to draw an analogy between the situation present in the instant case and that of *M.I.* by claiming that "arguably M.I. would 'live in fear that he may unknowingly revoke the stay through his conduct,' just as Omar M." (*supra* ¶ 11), nor can I agree with the majority's implication that this argument was considered and rejected by the supreme court. See *supra* ¶ 11 ("[T]he fact that M.I. could be living in fear of unknowingly revoking his stay was not enough for our supreme court to find that he had standing to raise a vagueness claim."). This argument was not considered by the supreme court, and for good reason: the State there had actually filed a petition to revoke the stay of the minor's adult sentence, based on the minor's commission of a new offense. *M.I.*, 2013 IL 113776, ¶ 9. Thus, the supreme court would not have needed to consider whether the minor "arguably" would be in fear of revocation of the stay on one basis *when the revocation was actually already in the process of occurring on the other basis*. To make it absolutely clear: if the stay was revoked on the basis of a commission of a new offense, then there would be no way that it could later be revoked again on the basis of violation of a condition of his sentence and the minor would have nothing to fear any longer.

¶ 31    The majority claims that such an argument "ignore[s] the procedural posture of *M.I.*," because in that case, the petition to revoke the stay of the adult sentence had itself been stayed. *Supra* ¶ 12. However, acknowledging the fact that a stay can only be revoked once is not ignoring anything. It is true that the petition to revoke the stay of the adult sentence in *M.I.*, filed after the appellate court opinion in that case, was itself stayed pending the supreme court's decision. *M.I.*, 2013 IL 113776, ¶ 9. However, I fail to see the significance of this stay in the majority's position. The minor's standing argument before the supreme court was focused on the fact that a petition to revoke had been filed. *M.I.*, 2013 IL 113776, ¶ 31 ("Respondent counters that since the petition to revoke the stay of adult sentence has been filed, he is in immediate danger of sustaining a direct injury as a result of the statute's enforcement, and thus has standing."). It had nothing to do with any threat posed by the stay of the petition to revoke. While the minor in *M.I.* could certainly have made that argument, there is absolutely no indication that he did so. Thus, there would have been no reason for the supreme court to *sua sponte* consider the implications of a stay that it imposed during the pendency of the case before it. Accordingly, the fact that the petition to revoke the stay was itself stayed has no effect on the issue present before us.

¶ 32 As a final matter, I must address the last three paragraphs of the majority's analysis of the standing issue, in which the majority concludes that cases relied upon in the original *Omar M.* opinion "are not on point." S*upra* ¶ 14. With all due respect to the majority, this analysis is beyond the scope of what we have been asked to do by the supreme court. Our review in the instant case is limited to reconsidering our earlier opinion in light of *M.I.*, as directed in the supervisory order. "Where the Illinois Supreme Court enters a judgment remanding a cause to the appellate court, it vests that court with jurisdiction to take only such actions that conform to that mandate. The court has no authority to take any actions not in compliance with that mandate." Style Manual for the Supreme and Appellate Courts of Illinois § I(G)(1) (4th ed. rev. 2012). When a court takes such action, it is patently wrong. The discussion of the other cases in the last three paragraphs is not related to the supreme court's decision in *M.I.* and is not necessary for the resolution of the standing issue. Consequently, I believe that its inclusion is inappropriate.